**Raymond J. JIMMY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9852.**

Court of Appeals of Alaska.

May 8, 2009.

David Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, for Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## *OPINION*

COATS, Chief Judge.

Raymond J. Jimmy was convicted of sexual assault in the first degree[1] and sexual assault in the second degree[2] at a jury trial conducted by Superior Court Judge Charles T. Huguelet. Jimmy appeals, arguing that there was insufficient evidence to support his conviction for sexual assault in the first degree. He also argues that his convictions for sexual assault in the first degree and sexual assault in the second degree should merge. We conclude that the State presented sufficient evidence for the jury to convict Jimmy of sexual assault in the first degree. But we conclude that his two convictions should merge.

### *Factual Background*

At Jimmy's trial, S.H., who was 16 years old at the time of the offense, testified that she was in bed asleep when she was awakened by something, but did not realize what

---

1. AS 11.41.410(a)(1).

2. AS 11.41.420(a)(3)(C).

was happening. She then realized that someone's fingers were inside her vagina. The person was pushing his fingers in and out. She saw someone kneeling next to her bed. In response, she pulled her legs away, shut her legs, and pulled the covers over her. When her eyes were able to focus, she saw that the person molesting her was Raymond Jimmy. Jimmy kept trying to reach under the blankets, but S.H. apparently prevented him from touching her further. According to S.H., Jimmy left a short time later.

The following day, S.H. was examined by a nurse at the hospital in Homer. S.H. told the nurse that when she was first awakened, she tried to pretend that she was asleep so that Jimmy would go away.

*Why we conclude that the State presented sufficient evidence to convict Jimmy of sexual assault in the first degree*

 Jimmy argues that the evidence presented at trial was insufficient to establish that he penetrated S.H. without her consent. In order to establish S.H.'s lack of consent, "the question is not whether [the victim] protested or physically resisted, but rather whether [the defendant] was aware of, and consciously disregarded, a substantial and unjustifiable possibility that his sexual contact with [the victim] was being conducted without [her] consent."[3] In the present case, S.H. was asleep in her own bed when an intoxicated Jimmy, who was twice her age and married to one of S.H.'s relatives in the village, molested her. After S.H. was first awakened, she tried to pretend that she was asleep so that Jimmy would go away. A jury could reasonably conclude that Jimmy acted at least recklessly with regard to the possibility that this sexual conduct was without her consent.

*Why we conclude that Jimmy's convictions should merge*

 Jimmy next argues that his convictions for sexual assault in the first degree

(for sexually penetrating S.H. without her consent[4]) and sexual assault in the second degree (for sexually penetrating S.H. knowing that she was "unaware that a sexual act [was] being committed"[5]) should merge because Jimmy engaged in a single continuous act of penetration and the societal interests in protecting S.H. were the same under both statutes.

In *Moore v. State*,[6] the defendant was convicted of attempted sexual assault in the second degree and attempted sexual assault in the first degree based on a single continuing course of conduct.[7] We held that the two convictions should merge because "the societal interest protected by the two statutes is fundamentally the same, protecting an individual from sexual penetration achieved without the individual's consent, whether there was a lack of consent from a conscious victim or whether there was no consent because the victim was incapacitated."[8] We concluded that separate sentences could not be imposed because there was no difference between the defendant's "intent or conduct in the two crimes in relation to the societal interests protected by both...."[9]

The State points out that, in *Moore*, the two convictions were for attempted conduct, not completed conduct. We conclude that this distinction is immaterial and that we should follow *Moore*. The statutes underlying both convictions advanced the same societal interest: to protect S.H. from sexual penetration without her consent. Jimmy's intent and conduct with respect to the two offenses were essentially the same. Under these circumstances, the convictions must merge.

*Conclusion*

Because we have concluded the State presented sufficient evidence to convict Jimmy

**3.** *Ritter v. State,* 97 P.3d 73, 78 (Alaska App. 2004).

**4.** AS 11.41.410(a)(1).

**5.** AS 11.41.420(a)(3)(C).

**6.** 123 P.3d 1081 (Alaska App.2005).

**7.** *Id.* at 1093.

**8.** *Id.*

**9.** *Id.* at 1093–94.

of sexual assault in the first degree, we AF-FIRM Jimmy's conviction. But we RE-MAND this case to the superior court, where the court shall merge Jimmy's convictions for sexual assault in the first degree and sexual assault in the second degree and shall resen-tence the defendant. We do not retain juris-diction of this case.